UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AJAMU OLUTOSIN,

                           Plaintiff,                      14-cv-00685 (NSR)
   -against-                                       OPINION AND ORDER

WILLIAM LEE, *et al*.

                           Defendants.

------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

    Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is granted.

## LEGAL STANDARD

    The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2018

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis.* The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin,* 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff made a request to Proceed *in Forma Pauperis* (IFP) on January 31, 2014, which the Court granted on February 11, 2014. (*See* ECF No. 4.) Plaintiff orally made an application for the Court to Request Counsel at the last status conference on December 12, 2018. Plaintiff is a prisoner currently incarcerated at Shawangunk Correctional Facility and his financial status has not changed. Plaintiff therefore qualifies as indigent.

In the Complaint (ECF No. 2), Plaintiff asserts a claim under 42 U.S.C. § 1983 ("§ 1983"), alleging that various correctional officers at the Green Haven Correctional Facility ("Green Haven") used excessive force against him. In an Opinion and Order dated October 12, 2018 (ECF No.151),

the Court granted Defendants' Motion for Summary Judgment dismissing most of the claims except for Plaintiff's excessive force claim as it relates to injuries sustained on Plaintiff's forehead, scalp and lip resulting from an altercation at the Green Haven facility on February 1, 2011.[1]

The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. The seriousness of the allegations, which implicates the Eighth Amendment right to be free from cruel and unusual punishment, merits appointment of counsel. Furthermore, the conflicting accounts about how Plaintiff sustained his injuries warrants a trial. (ECF No. 151, at 25-27.)

The Plaintiff in his deposition testimony and affidavits stated that Defendant Breset threw an unprovoked first punch which resulted in physical injuries and being unconscious for allegedly fifteen minutes. (*Id.*) Defendant Bresett disputes Plaintiff's account of the incident. (*Id.*) Defendant Bresett testified that the Plaintiff struck him multiple times after he told him to lock his cell. (*Id.*) Another correctional officer, Defendant Gunsett, testified when he arrived to the scene of the incident, he saw Officer Bresett holding the Plaintiff on the ground, in what appeared to be an attempt to prevent the inmate from further hitting the officer. (*Id.*) He testified that when he intervened, grabbing the Plaintiff from behind and taking him to the ground, the Plaintiff continued to struggle and swung his fists at him. Co-Defendant Officer Brothers stated he observed the Plaintiff swinging punches at Defendant Gunsett. (*Id.*) The accounts of three correctional officers suggests there was a rationale need for the application of the force and that they reasonable applied necessary force in order to subdue the Plaintiff and restore order. (*Id.*) However, since there are competing accounts concerning who initiated the Feb. 1 incident and under what circumstances the

---

[1] The Court noted in the Opinion and Order dated October 12, 2018 (ECF No. 151), that the claim of excessive force as it relates to Plaintiff's detached retina could not be sustained. The Court granted Defendants' Motion for Summary Judgment only for that specific injury. However, Defendants' motion was denied regarding the other injuries Plaintiff sustained.

Plaintiff was restrained, such determination must be made by weighing the evidence and making credibility determinations. (*Id.*) Moreover, an examining nurse wrote down in the medical record soon after the incident that the Plaintiff suffered a superficial scratch on his scalp, between two and three lacerations on his forehead, including a one-inch deep laceration, a cut on his upper lip, in which the bleeding had subsided. (*Id.*) Plaintiff was also spitting up blood and told the nurse he could not stand. Such allegations, along with Plaintiff's account of the incident, may constitute excessive force if it is determined that Defendants used force "gratuitously and sadistically" to cause harm in violation of "contemporary standards of decency." (*Id.*)

This Court recognizes that Plaintiff's is a prisoner and may need help from appointed counsel to adequately prepare for trial. Given the complexities of the case, the potential number of witnesses that could be called, including expert witnesses, and that Plaintiff, himself, may be called to testify, the circumstances warrant the appointment of counsel. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. Due to a scarcity of volunteer attorneys, some period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. The Fund is especially intended for attorneys for

whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/ prose/pro_bono_fund_order.pdf.]

The Clerk of the Court is respectfully requested to mail a copy to Plaintiff at the address listed on ECF and show proof of service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 13, 2018
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge