UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AJAMU OLUTOSIN,

                       Plaintiff,                  14-cv-00685 (NSR)

   -against-                                   OPINION & ORDER

WILLIAM LEE, *et al.*

                     Defendants.
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Ajamu Olutosin ("Plaintiff") moves pursuant to Federal Rules of Civil Procedure § 54(d)(1) ("Rule 54") for an order vacating and/or modifying the Taxation of Costs sought by Defendants. Plaintiff asserts that the alleged costs expended by Defendants were unnecessary and excessive. Defendants assert that as prevailing parties they are entitled to costs that were reasonably and necessarily incurred at trial and "permissible under the Rules." For the reasons that follow, Plaintiff's motion is GRANTED in part.

      Rule 54 states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001). Pursuant to 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax as costs . . . [f]ees for printed or electronically recorded transcripts *necessarily* obtained for use in the case[.]" 28 U.S.C. § 1920(2) (emphasis added). More specifically, under this District's Local Rules, "[u]nless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was

1

used or received in evidence at trial . . . [or] if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." *Citigroup Glob. Markets, Inc. v. Abbar*, 63 F. Supp. 3d 360, 361-62 (S.D.N.Y. 2014) (transcription costs allowed but not costs for deposition videos).

"[T]axing costs pursuant to Rule 54(d)(1), 28 U.S.C. § 1920, and Local Rule 54.1 in favor of the prevailing party is the rule, not the exception, in civil litigation." *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70-71 (S.D.N.Y. 2015) (citing *Whitfield*, 241 F.3d at 270). Therefore, it is well within the Court's discretion "to grant costs for any or all of the transcripts" claimed by the prevailing party. *See Balance Point*, 305 F.R.D. at 77 (declining to tax deposition costs where "none of the deposition transcripts at issue were used on any actual motion or response to a motion"); *see also Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) ("[t]he decision to award costs pursuant to Rule 54(d)(1) and Local Rule 54.1 rests within the sound discretion of the district court").

"'[T]he losing party has the burden to show that costs should not be imposed' and, '[i]n light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so.'" *Balance Point*, 305 F.R.D. at 70-71 (citing *Whitfield*, 241 F.3d at 270). "Among the equitable factors a court may consider in exercising discretion are the plaintiff's indigence and financial hardship." *Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08 Civ. 8786 (RMB) (THK), 2010 WL 3720834, at *4 (S.D.N.Y. Sept. 22, 2010) (internal citations omitted). But "*in forma pauperis* status does not automatically excuse [a plaintiff] from paying costs." *Cucuta v. N.Y. City*, 25 F. Supp. 3d 400, 420 (S.D.N.Y. 2014).

Defendants seek the cost of fees incurred for daily trial transcripts during the course of the trial and travel expenditures for an out-of-state witness who testified at trial. Plaintiff questions the

necessity of the expenditures but concedes that Defendant is entitled to the taxation of cost totaling $1,512.50.[1] After considering the arguments of the respective parties, and in the exercise of it's discretion, the Court determines that Defendants are only entitled to taxation of costs totaling $1,804.50[2] which constitute costs reasonably and necessarily incurred at trial.

Defendants seek $5,127.18 in cost for daily trial transcripts and $754.50 in cost for travel and lodging expenses for their witness, Ms. Zwillinger. Defendants assert Ms. Zwillinger, an out-of-state witness, provided relevant and material facts at trial, such that her expenses were necessary. They further assert the trial transcripts were necessary for "effective and successful litigation of ...[the] case, ...not merely a 'convenience' for counsel, " and "the course of this trial demonstrates the necessity to have the transcripts available." In opposition, Plaintiff asserts there were less expensive ways to secure Ms. Zwillinger's appearance at trial, and that the transcripts were not necessary given the brevity of the trial and the narrow issues involved. The Court partly agrees with Plaintiff.

The case involved one claim and the entire trial took place in less than a week. Testimonial and documentary evidence was presented over the course of four (4) days. Summations, jury instructions, deliberations and a verdict were rendered on the fifth day. The Court agrees with Defendants that Ms. Zwillinger's testimony was relevant and material, thus necessitating her travel and lodging expenses but calls into question the need for ordering daily trial transcripts.

While the allegations concerning Plaintiff's sole claim were serious, it is the Court's opinion that daily trial transcripts were not necessary but were in fact more of a convenience. Defense

---

[1]Plaintiff agrees that at the very least Defendants are entitled to the cost of Plaintiff's deposition ($1,050.00) and airfare for Ms. Zwillinger ($462.50).

[2]$1,804.50 is the sum of the cost of Plaintiff's deposition ($1050.00) and the actual travel and lodging expenses for Ms. Zwillinger ($754.50).

counsels, who were joined by a paralegal, had the option of taking notes and summarizing relevant trial testimony rather than relying solely on the trial transcripts. And while the Court is mindful that there were multiple motions made during the course of the trial, including a motion for a directed verdict, such motion did not necessarily require the use of the trial transcript. The fact that they were available only made it much more convenient to search the record rather than relying on Counsel's trial notes. The Court is also mindful that Plaintiff is indigent and the imposition of cost associated with daily transcript would impose a severe financial hardship

For the foregoing reasons, the Court determines that Defendant is entitled to the taxation of cost totaling $1,804.50. The Clerk of the Court is respectfully directed to enter a judgment of costs against Plaintiff in favor of Defendants in the amount of $1,804.50 and to terminate the motion at ECF No. 237.

Dated: January 31, 2020
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge